**Michael Levine, Esq.**
**LEVINE & ASSOCIATES, P.C.**
15 Barclay Road
Scarsdale, NY 10583
Telephone (914) 600-45288
*Litigation Attorneys for Mosdos Chofetz Chaim, Inc.,*
*Defendant/Reorganized Debtor*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

| | |
|---|---|
| **HENOCH ZAKS,** | : Docket No. 21-cv-01771 (CS) |
| Plaintiffs, | : **AMENDED** |
| | **COMPLAINT WITH** |
| -against- | : **JURY DEMAND** |
| **RABBI MAYER ZAKS, SHIMON ZAKS and** | : |
| **NOCHUM ZEV BRODY,** | |
| Defendants. | : |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

Plaintiff, by and through their attorneys, **Levine & Associates, P.C.**, complaining of Defendants Rabbi Mayer Zaks ("Defendant Rabbi Mayer"), Shimon Zaks ("Defendant Shimon") and Nochum Zev Brody ("Defendant Brody"), as and for their Amended Complaint, respectfully allege as follows:

### Introduction

1. This action arises out of Defendants (i) unlawfully intercepting and recording of personal, privileged and/or confidential electronic communications including telephone calls and/or private communications between one or both of the Plaintiffs and/or with one or more of their attorneys, (ii) unlawfully intercepting and recording of live room conversations participated in by one or both of the Plaintiffs; (iii) unlawfully eavesdropping on and recording telephone calls made to or from one or both of the Plaintiff's telephones; and (iv) unlawful dissemination and use

of an illegally recorded telephone conversation made to or from one or both of the Plaintiff's telephones.

2. At present, there is one such illegally intercepted telephone conversation known to Plaintiffs that has been disseminated by Defendants in which the Plaintiffs discussed legal issues with their then attorney. Neither Plaintiff Rabbi Aryeh Zaks nor Plaintiff Henoch Zaks nor their attorney was aware that their telephone conversation was being intercepted and recorded, nor did any of them give consent to the recording of that conversation nor the subsequent disclosure or use of the same.

3. In arranging for the said conversation to be surreptitiously recorded, and then disclosing and using a transcript of that recording, Defendants violated 18 U.S.C. § 2511 (the federal wiretapping statue), which permits a civil action to be commenced for damages by the victims of such actions.

4. In this action, the Plaintiffs seek substantial compensatory and punitive damages, and declaratory and injunctive relief, for Defendants' flagrant and insidious illegal conduct, which damages are sought as against them jointly and severally.

## Jurisdiction

5. Jurisdiction of this court arises under 28 U.S.C. §1331 because this is an action arising under the laws of the United States.

## Venue

6. Defendants Rabbi Mayer, Shimon and Brody all reside in Rockland County, New York, a county within the Southern District of New York, making (i) each of them subject to this Court's jurisdiction, and (ii) venue in this Court proper pursuant to 28 U.S.C. §1391(b)(1). Moreover, the actions complained of in this Complaint occurred within the Southern District of New York (*to*

*wit* in Rockland County, New York), making venue in this Court proper pursuant to 28 U.S.C. §1391(b)(2).

## The Parties

7. Plaintiff Rabbi Aryeh Zaks is an individual residing in Rockland County, New York.

8. Plaintiff Henoch Zaks is an individual residing in the State of New Jersey.

9. Defendant Rabbi Mayer Zaks is an individual residing in Rockland County, New York.

10. Defendant Shimon Zaks is an individual residing in Rockland County, New York.

11. Defendant Nochum Zev Brody is an individual residing in Rockland County, New York.

## RELEVANT FACTS AND CIRCUMSTANCES

12. Plaintiffs and Defendants have been embroiled in litigation against each other for several years in both New York State and Federal courts, which litigations originated after a religious entity with which some of them were associated, Mosdos Chofetz Chaim, Inc. ("Mosdos"), filed a bankruptcy petition in the United States District Court for the Southern District of New York under Case No. 12-23616(rdd) [the "Mosdos Bankruptcy Case"].

13. On November 8, 2019, Defendant Rabbi Mayer and others, derivatively on behalf of Mosdos, filed an action in the Supreme Court of the State of New York, County of Rockland under Index No. 03069/2019 [the "State Court Action"]. On January 15, 2020, Defendant Rabbi Mayer filed an amended complaint in the State Court Action against Plaintiff Rabbi Aryeh Zaks, Plaintiff Henoch Zaks, and others which alleged, *inter alia*, that they had improperly conveyed property belonging to Mosdos. Defendant Rabbi Mayer sought, in the State Court Action, to set aside the conveyance of the said property by Mosdos.

14. Upon the filing of that amendment, Mosdos removed the matter to the U.S. District Court for the Southern District of New York, which then transferred the same to the Bankruptcy Court for the Southern District of New York, whereupon the State Court Action became an adversary proceeding in the Bankruptcy Court under Adversary Proceeding No. 20-08949(rdd) [the "Adversary Proceeding"].

15. On March 26, 2020, the Bankruptcy Court directed that an evidentiary hearing take place with respect to two identified contested issues relevant to the Adversary Proceeding. On September 2, 2020, in advance of the conducting of the evidentiary hearing, Plaintiff Rabbi Aryeh Zaks and Mosdos filed a motion for *in limine* relief seeking to preclude the offering of any evidence by Defendant Rabbi Mayer, in his derivative capacity, in the evidentiary hearing. The motion was based, *inter alia*, upon the allegation that Defendant Rabbi Mayer had caused the office of Plaintiff Rabbi Aryeh Zaks to be broken into and burglarized by Defendant Rabbi Mayer's agent and that Defendant Rabbi Mayer had his agent steal and destroy evidence therefrom relevant to the contested issues in the upcoming evidentiary hearing.

16. A period of discovery on the *in limine* motion thereafter followed and, pursuant to the agreement of the parties, the Bankruptcy Court received the videotaped depositions and all of the evidence that the parties wished to submit, which was deemed to constitute the full record before the Bankruptcy Court for the purposes of the *in limine* motion.

17. On January 14, 2021, the Bankruptcy Court conducted oral argument of the *in limine* motion and, on January 21, 2021, the Court issued a decision partially granting the *in limine* motion and precluding Defendant Rabbi Mayer from offering certain evidence at the evidentiary hearing.

18. On February 8, 2021, Defendant Rabbi Mayer, with the assistance of Defendant Shimon and Defendant Brody, filed a letter motion seeking "reconsideration" of the Bankruptcy

4

Court's *in limine* preclusion order. One of the purported "supporting" documents submitted by Defendant Rabbi Mayer was a transcript of a recording of a private and privileged telephone conversation among Plaintiff Rabbi Aryeh Zaks, Plaintiff Henoch Zaks and their then-attorney, Jerry Feuerstein, Esq., which took place at some time between November 29, 2019 and December 5, 2019.

19. None of the three participants to that telephone conversation either were aware that Defendants, or anyone else, were recording their conversation, nor did any of the participants to the same consent to any such recording taking place or being disseminated or used for any purpose.

20. In papers subsequently filed with the Bankruptcy Court, Defendant Rabbi Mayer admitted that he had made or was in possession of other illegal recordings, assumedly containing the voices of either or both of the Plaintiffs thereon.

## COUNT I
### [Violation of the Federal Electronic Communication Privacy Act]
### [18 U.S.C. § 2510, *et. seq*.]

21. Plaintiff repeats, reiterates and realleges, and hereby incorporates, each and every allegation heretofore set forth herein, with the same force and effect as though more fully set forth herein at length.

22. Plaintiff asserts this Count against Defendants pursuant to the Electronic Communications Privacy Act ("Wiretap Act"), 18 U.S.C. § 2510 *et. seq.*

23. Defendants intentionally intercepted or endeavored to intercept oral and electronic communications transmitted to, from, or in the proximity of the telephones of the Plaintiff.

24. Defendants disclosed or endeavored to disclose the content of the oral communication between Plaintiff and his attorney that they unlawfully intercepted, wiretapped, eavesdropped or otherwise obtained through the illegal interception of Plaintiff's telephone communications.

5

25. Defendants used or endeavored to use the content of the oral communication between Plaintiff and his attorney that they unlawfully intercepted, wiretapped, eavesdropped or otherwise obtained through the illegal interception of Plaintiff's telephone communications.

26. Defendants' conduct was in violation of the Wiretap Act.

27. Section 2520 of the Wiretap Act provides for civil liability, stating, in relevant part, that:

    a. In general. … any person whose wire, oral, or electronic communication is intercepted, disclosed, or intentionally used in violation of this chapter may in a civil action recover from the person or entity, other than the United States, which engaged in that violation such relief as may be appropriate.

    b. Relief. – In an action under this section, appropriate relief includes –
        (i) such preliminary and other equitable or declaratory relief as may be appropriate;
        (ii) damages under subsection (c) and punitive damages in appropriate cases; and
        (iii) a reasonable attorney's fee and other litigation costs reasonably incurred.

    c. Computation of damages. –
        (i) In any other action under this section, the court may assess as damages whichever is the greater of –
        (a) the sum of the actual damages suffered by the plaintiff and any profits made by the violator as a result of the violation; or
        (b) statutory damages of whichever is the greater of $100 a day for each day of violation or $10,000.

28. Plaintiff has suffered damages proximately caused by the illegal activities of Defendants, including, without limitation, the incurrence of unnecessary legal fees in the Bankruptcy Action, and, consequently, are entitled to recover their damages, in an amount to be determined at trial, resulting from Defendants' intentional interception, use and/or disclosure of communications.

29. Plaintiff is entitled to statutory damages of $100 per day for each day that Defendants violated the Wiretap Act or $10,000, whichever is greater.

30. Plaintiff is further entitled to collect punitive damages, in an amount deemed appropriate by the trier of fact, for Defendants' intentional, egregious, malicious and oppressive interception, monitoring and/or recording, among other things, of communications between Plaintiff and third persons, including their attorneys. Such conduct cannot be tolerated in a civilized society and Defendants should be made to pay significant punitive damages as a penalty and so as to discourage others, who may be so prompted, from engaging in similar conduct.

31. Plaintiff is further entitled to recovery of his attorney fees and costs reasonably incurred in this action.

**WHEREFORE**, Plaintiffs respectfully demand Judgment against Defendants, jointly and severally, as follows:

1. Monetary damages in an amount to be determined at trial;
2. Statutory damages of $100 per day for each day that Defendants violated and continue to violate the Wiretap Act or $10,000, whichever is greater;
3. Punitive damages, in an amount deemed appropriate by the trier of fact, but in an amount of at least $5 million;
4. An award of attorney fees and costs reasonably incurred in this action;
5. Prejudgment interest on any monetary Judgement; and

6.  Such other, further and different relief as may be just, proper and equitable.

## JURY DEMAND

Plaintiff hereby requests a trial by jury of all matters raised in this action.

Dated: April 4, 2022

LEVINE & ASSOCIATES, P.C.

By: s/ *Michael Levine*
         Michael Levine

15 Barclay Road
Scarsdale, NY  10583
Telephone (914) 600-4288
Facsimile (914) 725-4778
e-mail: ml@LevLaw.org

*Attorneys for Plaintiff*
