# MARC WOHLGEMUTH & ASSOCIATES, P.C.
## ATTORNEYS AT LAW

MARC WOHLGEMUTH*

*Associates*
ILANA BLASS
SUSAN SYTNER*‡
JEREMY DOBERMAN*

*Also admitted in New Jersey
‡Also admitted in S. Carolina

September 16, 2022

***Via ECF and email*** 
Hon. Cathy Seibel, United States District Judge 
Southern District of New York 
300 Quarropas Street 
White Plains, New York 10601 
chambersnysdseibel@nysd.uscourts.gov

  Re: *Zaks v. Zaks* 
    Case No.: 21-1771-CS-JCM

Dear Judge Seibel:

  This firm represents Defendant Shimon Zaks ("Shimon") in the above-referenced action alleging a violation of 18 U.S.C. § 2510 *et seq.* (the "Wiretap Act"). As this Court will recall, in response to Shimon's motion to dismiss Counts II and III of the Second Amended Complaint, Plaintiff opposed the motion and purported to cross-move for permission to file a summary judgment motion. After Shimon objected, this Court directed Shimon to respond via letter to Plaintiff's request for leave to file a motion for summary judgment. *See* ECF Dkt. No. 157. This submission is made in response thereto.

  As an initial matter, Plaintiff's request should be denied because this Court has already addressed the prospect of Plaintiff's filing of a summary judgment motion at this juncture and found that such a motion would be premature. During the telephonic pre-motion-to-dismiss conference on June 2, 2022, Plaintiff's counsel sought permission to file a motion for summary judgment as to Shimon. The undersigned vigorously opposed such a request, noting that such a filing would be improper because such a summary judgment motion would (i) be filed prior to Shimon's having filed an Answer in this action and (ii) need to be briefed prior to Shimon's opportunity to seek discovery, as he had only been very recently been added as a party. The Court unambiguously denied Plaintiff's request to file a summary judgment motion prior to Shimon's opportunity to Answer the Second Amended Complaint and engage in discovery. Neither of these two variables have changed, and they each, separately, warrant the denial of Plaintiff's request without prejudice to such a filing at the proper time. *See Doe v. Trs. of Columbia Univ. in N.Y.*, No. 21 CV 05839, 2021 U.S. Dist. LEXIS 178868, at *3 (S.D.N.Y. 2021) ("[C]ourts routinely deny motions for summary judgment as premature when discovery over relevant matters is incomplete <u>or</u> until the nonmoving party has had time to file a responsive pleading.") (emphasis added). However, it cannot escape this Court's notice that Plaintiff's purported cross-motion seeking leave to file a summary judgment motion was, in fact, an untimely motion for reconsideration, and to that extent, it should be denied.

21 REMSEN AVENUE • SUITE 301 • MONSEY, NY 10952 
845-746-2700 • FAX 845-746-2701

Regarding filing a summary judgment motion prior to the nonmovant's filing of a responsive pleading, Courts in this District have recognized that "notwithstanding any technical compliance with the timing provisions of Rule 56" regarding when a motion for summary judgment may be filed, such motions are "'typically…premature and unhelpful.'" *Helios Int'l S.A.R.L. v. Cantamessa USA, Inc.*, 23 F. Supp. 3d 173, 189 (S.D.N.Y. 2014) (*quoting Waters v. Experian Info. Solutions, Inc.*, 2012 U.S. Dist. LEXIS 75697, at *11 n.2 (S.D. Cal. 2012)). Such premature motions for summary judgment stand a substantial risk of wasting both the parties' and the Court's resources, where "granting summary judgment to plaintiff at this stage of the litigation would preclude [a defendant] from answering and raising affirmative defenses." *Toussie v. Allstate Ins. Co.*, 213 F. Supp. 3d 444, 445 (E.D.N.Y. 2016). There are a number of affirmative defenses Shimon intends to raise, such as whether Plaintiff impliedly consented to the alleged recording. Affording Shimon the opportunity to assert any affirmative defenses which may be available to him may moot Plaintiff's proposed motion to the extent it is clear that fact-bound issues are present which will defeat a motion for summary judgment.

"The Second Circuit has held that summary judgment should only be granted if '*after discovery*, the nonmoving party has failed to make a sufficient showing on an essential element of [its] case with respect to which [it] has the burden of proof.'" *Walden v. Sanitation Salvage Corp.*, 2015 U.S. Dist. LEXIS 40280, at *7 (S.D.N.Y. 2015) (quoting *Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 303-04 (2nd Cir. 2003) (emphasis and alterations in original); *see also Berger v. United States*, 87 F.3d 60, 65 (2nd Cir. 1996) ("The nonmoving party must have had the opportunity to discover information that is essential to his opposition to the motion for summary judgment.") (internal quotation marks omitted). In deciding a pre-discovery motion for summary judgment, "a court must consider: (1) whether the lack of discovery was in any way due to fault or delay on the part of the nonmovant; (2) whether the nonmovant filed a Rule 56(d) affidavit; and (3) whether the nonmovant provided any basis for its belief that further discovery would alter the outcome of the summary judgment motion." *Gamble v. Tyson*, No. 17-CV-06635, 2019 U.S. Dist. LEXIS 198028, at *34 (S.D.N.Y. 2019). These factors should similarly guide this Court in determining whether to allow the filing of such a motion if it is foreseeable that the motion may ultimately be denied on these bases.

It should be clear that the first factor, whether Shimon is at fault for his lack of discovery, cuts in Shimon's favor. Shimon was a non-party to the instant action when the majority of discovery was being conducted (despite, Shimon notes, knowledge very early on that Shimon may have taken part in the underlying events). Once he was added as a defendant, he timely sought to dismiss the Amended Complaint (which was opposed by Plaintiff even though the issues with the Amended Complaint were glaring, obvious issues that the Court validated in the pre-motion conference by providing Plaintiff the opportunity to amend again), and then Shimon timely filed a motion to dismiss two of the three counts of the Second Amended Complaint (which motion was met with the consensual dropping by Plaintiff of one of those counts). Far from being at fault for any delay in seeking discovery, Shimon has not yet even been *afforded* any opportunity to perform discovery.

The second factor, though a hypothetical at this juncture, would also support Shimon, as the undersigned would certainly file such an affidavit.

Finally, Shimon has a good-faith basis to believe that discovery would support his opposition to summary judgment. One such basis is that under 18 U.S.C. § 2511(2)(d), it is a defense to an alleged Wiretap Act violation that "one of the parties to the communication has given prior consent to such interception." It beyond peradventure that such "[c]onsent may be either express or implied." *United States v. Workman*, 80 F.3d 688, 693 (2nd Cir. 1996). In *Zaratzian v. Abadir*, the Hon. Vincent L. Briccetti, U.S.D.J. provided an in-depth analysis of the issue of implied consent in relation to an alleged civil Wiretap Act violation. No. 10-CV-9049, 2014 U.S. Dist. LEXIS 129616, at *22 (S.D.N.Y. 2014). Among the cases relied upon by Judge Briccetti was *In re Google Inc. Gmail Litig.*, which states: "[i]mplied consent is an intensely factual question that requires consideration of the circumstances surrounding the interception to divine whether the party whose communication was intercepted was on notice that the communication would be intercepted." 2014 U.S. Dist. LEXIS 36957, at *16 (N.D. Cal. 2014) (emphasis added). In light of the consent defense to a Wiretap Act violation, Shimon requires, at the very least, depositions of Plaintiff and his father, Aryeh Zaks. Though Plaintiff claimed in his memorandum of law to have established via the certifications of Plaintiff and Aryeh Zaks the room where the alleged communication was intercepted and that "[o]nce the door to that meeting room was closed, there was no way that anyone outside could hear (let alone record) what was being discussed in the meeting room," ECF Dkt. No. 148 at 5–6, those self-serving assertions have not been independently proven. Service of document demands, interrogatories, and depositions of Plaintiff and Aryeh Zaks would allow Shimon to test those claims as to the location of the alleged conversation, their knowledge that the room where the alleged conversation took place may have been recorded (routinely or otherwise), and otherwise impeach the witnesses in a case that has significant history that could motivate parties to dissemble and where the parties' relationship is so acrimonious.

Furthermore, the Complaint has alleged a meeting between the defendants in the instant action wherein much of the alleged illegal conduct was plotted and wherein Shimon was supposedly assigned the tasks of which he is accused. Plaintiff appears to have based these claims on the deposition of Defendant Nochum Brody. Shimon, who did not have the opportunity to participate earlier, is entitled to take discovery from Brody and an unnamed other alleged participant to test Plaintiff's claims regarding that meeting and beyond.

Plaintiff, already on his third bite at the apple with his Second Amended Complaint, is seeking, in an underhanded manner that has already been foreclosed once by this Court, to undermine Shimon's ability to defend the instant action. There is no urgency to Plaintiff's claim that requires the instant action be adjudicated so quickly as to trample on Shimon's right to due process. This Court should deny Plaintiff's request to file a summary judgment motion without prejudice in order "to ensure that the parties have been given a reasonable opportunity to make their record complete before ruling on a motion for summary judgment." *Elliott Assocs., L.P. v. Republic of Peru*, 961 F. Supp. 83, 86 (S.D.N.Y. 1997).

                                                                                  Respectfully submitted,

                                                                                   __*/s/Jeremy M. Doberman*_____
                                                                                    Jeremy M. Doberman

cc:      All counsel of record (via ECF)

