# LEVINE & ASSOCIATES, P.C.
## ATTORNEYS-AT-LAW

15 Barclay Road
Scarsdale, New York  10583
e-mail: ml@LevLaw.org
Fax  (914) 725-4778
Telephone  (914) 600-4288

September 19, 2022

**Via ECF**
**and e-mail (chambersnysdseibel@nysd.uscourts.gov)**

Hon. Cathy Seibel, U.S.D.J.
Daniel Patrick Moynihan United States Courthouse
300 Quarropas Street
White Plains, NY 10601

*RE: Henoch Zaks v. Rabbi Mayer Zaks (21-cv-1771)*

Dear Judge Seibel:

The undersigned is counsel to Plaintiff in the above-referenced matter.  I am in receipt of a letter dated September 16, 2022 from Jeremy M. Doberman, Esq., counsel to Defendant Shimon Zaks ["Defendant"], objecting to Plaintiff's request for leave to file a summary judgment motion on liability against that defendant.  Defendant essentially raises three issues regarding the proposed motion.  First, he contends that permission to file the same has already been denied by this Court and the present request is for "reargument" should not be granted. Secondly, Defendant claims that he intends to raise an affirmative defense that "one of the parties to the [illegally intercepted conversation] has given prior consent to such interception" [Doberman Letter, p. 3].  Defendant argues that he requires discovery on the issue of purported "implied consent," i.e., whether one of the parties to the illegally intercepted conversation was "on notice that the communication would be intercepted" [*Id.*].  Third, Defendant alleges that "much of the illegal conduct" took place at a meeting "wherein [Defendant] was supposedly assigned the tasks of which he is accused" [*Id.*].  Defendant argues that he is entitled to take discovery of his coconspirators "to test Plaintiff's claims regarding that meeting and beyond."  We respectfully assert that each of those contentions by Defendant are incorrect and border on being frivolous.

      I.    ***The Misleading Assertion of a Prior Denial by the Court of Permission to File for Summary Judgment***

Defendant first argues that this Court has previously denied Plaintiff's request for leave to file a summary judgment motion and, therefore, Plaintiff should not be permitted to do so now.  It is accurate that the Court directed Plaintiff to hold off making a summary judgment motion against Defendant prior to him *either* making his motion to dismiss *or* answering the complaint, and the logic behind that direction was sound.  If Defendant moved to dismiss the complaint, and that motion was granted, summary judgment would, obviously, not be appropriate.  But we are now in a situation where Defendant *has* moved to dismiss *only* two of the three counts asserted in the complaint.  Defendant has *not* moved to dismiss the primary count against him, *to wit* that he

LEVINE & ASSOCIATES, P.C.
ATTORNEYS-AT-LAW

**Hon. Cathy Seibel, U.S.D.J.**
Page 2                                                                                                      September 19, 2022

*directly* violated the Wiretap Statute by personally using and disseminating an illegally intercepted telephone communication among an attorned and his clients.[1]  That count, not being the subject of Defendant's motion to dismiss, is now extant and the condition that led the Court to deem a summary judgment motion premature – the lack of an answer *or* motion to dismiss – no longer exists.  Therefore, Plaintiff's present request for permission to file a summary judgment motion is not precluded by prior proceedings occurring under different circumstances where then existing conditions no longer applicable.

  II. *The "Implied Consent" Assertion*

Next, Defendant contends that he purportedly requires discovery (in advance of responding to a summary judgment motion) on whether one of the parties to the illegally intercepted conversation (an attorney and his two clients) "impliedly consented" to the interception, use and dissemination of the same.  Relying heavily on Judge Briccetti's September 2, 2014 analysis in *Zaratzian v. Abadir*, No. 10-cv-9049, 2014 U.S.Dist. LEXIS 12916 (S.D.N.Y. 2014), Defendant argues that the *location* of the confidential attorney-client conversation has not been "established" via the declarations of the three participants to the same and that, assumedly, it may have been at a location where it could have been overheard.  But *Zaratzian* does *not* stand for the proposition that the *location* of an oral communication is at all relevant to a wiretap claim, and the facts of *Zaratzian* bear no resemblance to the matter at bar in even the slightest degree.  In *Zaratzian*, an email account had been set up by the parties (then husband and wife) whereby emails sent to the wife were consensually forwarded by Cablevision (the email provider) to an account of the husband.  After the parties' separation, the Cablevision account remained in place and in the control of the wife, and the emails continued to be forwarded to the husband.  The Court observed that "[i]t is not genuinely disputed that [the wife] permitted [the husband] to open an … email account for her, configure that account, and set her initial password: (*Zaratzian*, 10-cv-9049 at p. 15), and that "the scope of [the wife's] consent is a genuine issue of material fact." (*Id.* at p. 17). As the Second Circuit later observed, the issue was whether "by maintaining control of the Cablevision account and leaving the auto-forwarding intact, [the wife] consented to the interception of her emails – even after the Marital Separation Agreement was executed – until she had [the husband's] account deleted …" *Zaratzian v. Abadir*, 15-1243-cv, at *5 (2d Cir. May 26, 2017).

In the matter at bar, there is no implication that any of the parties to the illegally intercepted oral attorney-client conversation gave any initial consent to its recording, and there is not a single case cited by Defendant (or which our research has otherwise located) that stands for the proposition that the *location* of an intercepted oral conversation *in any way* impacts a wiretap claim.[2]  Indeed,

---

[1]  Defendant does not contest the fact that the evidence now before this Court is *overwhelming* that he did so, initially in a clandestine manner and then openly.

[2]  The other case cited by Defendant – *In re Google Inc. Gmail Litig.*, 2014 U.S. Dist. LEXIS 36957 (N.D. Cal 2014) – is equally inapposite.  In that case, in the context of a class certification motion, Plaintiffs contended that Google routed Gmail emails to a Google controlled account that

**LEVINE & ASSOCIATES, P.C.**
**ATTORNEYS-AT-LAW**

**Hon. Cathy Seibel, U.S.D.J.**
**Page 3**                                                                 September 19, 2022

"the prophylactic purpose of [the Wiretap Act] … suggests that consent should not casually be inferred." *Griggs-Ryan v. Smith*, 904 F.2d 112, 117 (1st Cir. 1990). Defendant's contention that he needs "discovery" on the issue of "implied consent" is nothing but a frivolous, money wasting, delay tactic. There is, under the circumstances at bar, no valid reason to unnecessarily spend time, money and judicial resources to engage in meaningless "discovery."

### III. *The Meeting of the Conspirators*

Finally, Defendant asserts that he is entitled to take discovery of his coconspirators because, purportedly, "much of the illegal conduct" alleged took place at a meeting among them shortly prior to the submission of the Illegal Recording to the Bankruptcy Court. But Defendant misses the point. The summary judgment sought is *not* with respect to the conspiracy count (which Defendant has moved to dismiss). Instead, it is with respect to the Defendants **personal** *obtainment*, *use* and *dissemination* of the illegal recording (e.g., by sending a copy of the same to a voice analyst), the evidence of which is *overwhelming* and buttressed by the inferences to be drawn from the Defendant's invocation of his Fifth Amendment rights. Whatever happened at the meeting that his co-conspirator (Nachum Brody) described under oath is largely irrelevant to the requested summary judgment motion. Rather, Defendant's now-proven actions prior to and subsequent to the same is what form the basis for the summary judgment motion sought.

We look forward to addressing these issues further, and answering any inquiries that the Court has, at the motion conference on September 22, 2022.

Thank you for your attention.

                                          Respectfully,

                                        s/ *Michael Levine*

                                      MICHAEL LEVINE

cc. All counsel (Via ECF and email)

---

was thereafter used to create advertising targeted to the Gmail user. Google contended that all email users impliedly consented to Google's interceptions as a result of, among other things, (i) its Terms of Service (to which every Gmail user had to agree to create a Gmail account), and (ii) its Privacy Policies (which provided that it may collect "user communications" for the purposes of "the display of customized content and advertising"). The Court found that individual Gmail users' consent would likely predominate over any common issues, and, accordingly, denied class certification. Again, the issue was the *scope of initial consent* to the use of email content, *not* whether the *location* of an attorney-client oral conversation could constitute implied consent to the interception of a conversation.